IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAHESH SHASTRY f/k/a MAHESH GOPALAKRISHNA and SURYAKALAR R. SHASTRY f/k/a SURYAKALA R. HOSANAGRA, <br><br> Plaintiffs, <br><br> V. <br><br> U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO WACHOVIA BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR16, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § § No. 3:16-cv-3335-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation on the Court's subject matter jurisdiction.

**Background**

On October 19, 2016, Plaintiffs Mahesh Shastry and Suryakala R. Shastry filed a petition in the 68th Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1-5.

-1-

On October 24, 2016, they filed an amended petition. *See* Dkt. No. 1-7. In this breach of contract and quiet title action, Plaintiffs seek to stop Defendant U.S. Bank National Association, as Successor Trustee to Wachovia Bank National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2005-AR16, from foreclosing on their property. *See id.* They seek both monetary damages and injunctive and declaratory relief. *See id.*

U.S. Bank removed the case to federal court on November 30, 2016 based solely on diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

The Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] subject-matter jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Accordingly, on December 2, 2016, the Court ordered the parties to each submit briefs to determine whether the Court has diversity jurisdiction in light of the Supreme Court's recent decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), and other recent decisions following *Americold*. *See* Dkt. No. 4.

In response, Plaintiffs filed a motion to remand, *see* Dkt. No. 9, and U.S. Bank filed a response in opposition to the motion to remand, *see* Dkt. No. 14.

U.S. Bank maintains that removal was proper and argues that it is the citizenship of the trustee, U.S. Bank, that controls for diversity purposes.

Plaintiffs disagree and argue that, in this case, U.S. Bank, as trustee, is a nominal party and that it is the citizenship of the certificate holders in the trust that

controls for diversity purposes.

The undersigned now concludes that the Court has subject matter jurisdiction in this action and that the case should thus proceed in federal court.

## Legal Standards

A party may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have subject matter jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332. The parties are not diverse "if one of the plaintiffs shares the same citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

When determining if it has federal jurisdiction, the Court focuses on the plaintiff's pleadings "as they existed at the time of removal." *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). But the court "may be required to survey the entire record ... and base its ruling on the complaint, or undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarrillas*, 963 F.2d 806, 808 (5th Cir. 1992). Any "ambiguities are construed against removal," and "[t]he removing party bears the burden of showing that federal jurisdiction exists." *Manguno*, 276 F.3d at 723.

## Analysis

Plaintiffs do not dispute whether the requisite amount in controversy is

satisfied. Plaintiffs seek to halt Defendants from foreclosing on a property that a tax appraisal indicates is worth well above $75,000. *See* Dkt. No. 1-15; *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) (explaining that "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy"); *but see Alsobrook v. GMAC Mortg., LLC*, No. 3:11-cv-603-M-BF, 2012 WL 1643220, at *1-*2 (N.D. Tex. April 13, 2012) (discussing a minority view reflected in *Ballew v. America's Servicing Co.*, No. 4:11-cv-30-A, 2011 WL 880135 at *3-*5 (N.D. Tex. April 13, 2012), that the amount in controversy is determined by the value of postponing the foreclosure). The amount-in-controversy requirement is satisfied here.

But the parties dispute whether there is complete diversity. And that issue depends on whether the Court considers the citizenship of the trustee or the trust's certificate holders when determining diversity of citizenship for subject matter jurisdiction.

Courts look only to the citizenship of the "real and substantial parties to the controversy" for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). Courts make this determination based on "whose conduct is the subject of the claim and against whom the action is alleged." *Ewert v. Poly Implant Protheses,* Civ. A. No. H-07-3065, 2008 WL 4747206, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Jones v. Louisiana*, 764 F.2d 1183, 1185 (5th Cir. 1983)). A court may thus look to "the citizenship of non-parties when a party already before [it] is found to be a non-stake

holder/agent suing only on behalf of another." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 865 n.10 (5th Cir. 2003).

Determinations about whether the trust or trustee is the real party to the action are informed by the duties that the trust has delegated to its trustee. Courts have long held that a trustee is a real party when the trust has ceded "certain customary powers to hold, manage, and dispose of assets" to the trustee and the trustee's actions or interests are the subject of the suit. *Navarro*, 446 U.S. at 464-65 (discussed in further detail below).

The Supreme Court's decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), does not change this step of the analysis. *Americold* focuses on how to determine the citizenship of a trust where the trust is the real party in the suit. *See id.* at 1016 (explaining that "*Navarro* had nothing to do with the citizenship of [a] 'trust.' Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in her name, jurisdictional citizenship is the State to which she belongs – as is true of any natural person. This rule coexists with our discussion above that when an artificial entity is sued in its name, it takes the citizenship of its members." (internal citations omitted)); *see also U.S. Bank Trust, N.A. v. Dupre*, No. 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) ("This rule, however, only applies when the trustees are the real parties in interest to the controversy, meaning, among other things, that they are 'active trustees whose control over the assets held in their names is real and substantial.' *Navarro*, 446 U.S. at 462-66.").

In *Navarro*, the Supreme Court found that eight trustees were the "real and substantial parties" to the action where the trustees "s[ought] damages for breach of an obligation running to the holder of a promissory note held in [the trustees'] own names." *Navarro*, 446 U.S. at 464. The Court observed that the trustees had legal title, managed the assets, and controlled the litigation. *Id.* at 465. They were not "naked trustees" who acted as "mere conduits" for a remedy flowing to others. *Id.* In contrast, the trust's 9,500 beneficial shareholders had no voice in initial investment decisions, could not control the disposition of the action, and could not intervene in the affairs of the trust except in the most extraordinary situations. *See id.* at 464-65.

But a trust is considered a real party to the action where the trust's own interests or own actions are the subject of the claims at issue. *See Americold*, 136 S. Ct. at 1015-16 (analyzing the citizenship of a trust in a suit for damages caused in a warehouse the trust was charged to hold and manage); *Juarez v. DHI Mortgage Company Ltd.*, No. H-15-3534, 2016 WL 3906296, at *3 (S.D. Tex. July 19, 2016 (finding the trust to be a real party because "the complaint treats the 2004-68 Trust as [a] separate defendant from [the trustee] by alleging the trust itself wrongfully foreclosed on Juarez's property"); *Argo Global Special Situations Fund v. Wells Fargo Bank, N.A.*, 810 F. Supp. 2d 906, 909-15 (D. Minn. 2011) (finding the trust was the real party because the plaintiffs did not allege any wrongdoing by Wells Fargo, the trustee).

In *Wells Fargo Bank N.A. v. Transcontintental Realty Investors, Inc.*, No. 3:14-cv-3565-BN, 2016 WL 3570648, at *1 (N.D. Tex. July 1, 2016), Wells Fargo invoked the

Court's diversity jurisdiction to file a suit in federal court. This Court found that the trust – and not Wells Fargo – was the real party in the action because the complaint "makes clear that Wells Fargo [was] only a nominal or formal party suing on behalf of the [t]rust." *Id.* at *2. Wells Fargo's own complaint defined "the Trust" as the "plaintiff"; identified "the Trust" as the only party seeking relief, explained that "the Trust" brought a foreclosure action after the defendant defaulted; and alleged that "[t]he Trust would not have consented to the Borrower's assumption of the [l]oan without the inclusion of SPE restrictions in the Borrower's Articles of Incorporation. *Id.*; *see also Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *4 (N.D. Tex. Oct. 12, 2016).

Here, Plaintiffs sue U.S. Bank in its capacity as trustee: "Defendant is a trust, but must be sued through its Trustee. U.S. Bank National Association is the Trustee." Dkt. No. 1-7 at 3; *see In re Ashton*, 266 S.W.3d 602, 604 (Tex. App. – Dallas 2008, orig. proceeding) ("[F]or relief to be granted against a trust, the trust – through its trustee – must be made a party to the action."). Plaintiffs also contend that in this case U.S. Bank is acting as a "corporate fiduciary." Dkt. No. 1-7 at 3.

Plaintiffs allege that the deed of trust encumbering their real property was assigned to "Defendant Trust," and their other allegations simply refer to "Defendant." *Id.* at 4-8. Plaintiffs allege that Defendant claims ownership of the deed of trust as a result of the assignment; that the person who executed the assignment of the loan was never an employee or officer of Wells Fargo Bank, N.A.; that the Defendant cannot hold the note and deed of trust because the Trust contains a "Cut-Off Date" of September

1, 2005 and a "Closing Date" of September 20, 2005; that Plaintiffs were never notified of the sale of the loan; and that Defendant has made numerous accounting errors incorrectly applying Plaintiffs' payments to the loan, including imposing erroneous escrow charges. *See id.* at 4-8.

Despite Plaintiff's claims, U.S. Bank's relationship with the trust make clear that U.S. Bank is the real and substantial party in the controversy. Under the Pooling and Servicing Agreement ("PSA") between Wells Fargo Asset Securities Corporation (Seller), Wells Fargo Bank, N.A. (Master Servicer) and Wachovia Bank, National Association (the original Trustee), the Seller assigns without recourse all right, title and interest in the trust estate, which consists of mortgage loans, to the trustee. *See* Dkt. No. 14-1 at 4, ¶ 2.01(a); Dkt. No. 9-1 at 58-59, pp. S-53 - S-54 (supplemental prospectus). This includes the right to enforce the loans. *See id.* Conversely, the PSA limits the rights of certificate holders to "vote or in any manner otherwise control the operation and management of the Trust Estate." *Id.* at 8-9, ¶ 10.03.

The claims asserted in Plaintiff's Amended Petition are based on their contentions that, because of alleged defects in the securitization process, an alleged failure to comply with the PSA and alleged defects in the assignment of Plaintiffs' note and deed of trust, U.S. Bank, as trustee for the trust, is neither the holder of Plaintiffs' note nor the mortgagee with respect to the deed of trust. *See* Dkt. No. 1-7. In other words, Plaintiffs are challenging U.S. Bank's right to manage and dispose of one of the trust's assets for the benefit of the Trust's beneficiaries. As the possessor of the customary powers to hold, manage and dispose of the trust's assets for the benefit of

the certificate holders, it is U.S. Bank's interest that is implicated by this lawsuit.

Accordingly, U.S. Bank is the real party in interest, and it is U.S. Bank's citizenship that is considered to determine diversity jurisdiction.

Plaintiffs are natural persons who are domiciled in Texas and are citizens of Texas for diversity purposes. *See* Dkt. No. 1-7 at 3. U.S. Bank is a national banking association with its main office in Ohio. *See* Dkt. No. 1 at 4. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes.

Because Plaintiffs do not share citizenship with U.S. Bank, the real party in interest, the Court has subject matter jurisdiction over this matter.

## Recommendation

Plaintiff's Motion to Remand [Dkt. No. 9] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 2, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE