IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAHESH SHASTRY f/k/a MAHESH GOPALAKRISHNA and SURYAKALAR R. SHASTRY f/k/a SURYAKALA R. HOSANAGRA, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:16-cv-3335-G-BN |
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO WACHOVIA BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR16, | § § § § § § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior District Judge A. Joe Fish.

Defendant U.S. Bank National Association, as Successor Trustee to Wachovia Bank National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2005-AR16, ("U.S. Bank") has filed a Motion to Dismiss (the "MTD"). *See* Dkt. No. 20. Plaintiffs Mahesh Shastry and

Suryakalar R. Shastry have filed a response, *see* Dkt. No. 23, and U.S. Bank has filed a reply, *see* Dkt. No. 24.

Plaintiffs have filed a Motion for Leave to File Amended Complaint (the "Motion for Leave"). *See* Dkt. No. 34. U.S. Bank has filed a response, *see* Dkt. No. 40, and Plaintiffs have filed a reply, *see* Dkt. No. 41.

For the reasons and to the extent explained below, the Court should grant Defendant U.S. Bank's Motion to Dismiss [Dkt. No. 20] and should deny Plaintiffs Mahesh Shastry and Suryakalar R. Shastry's Motion for Leave to File Amended Complaint [Dkt. No. 34].

## Background

On or about November 1, 2003, Plaintiffs purchased real property located in Coppell, Texas (the "Property"). They signed a promissory note (the "Note") to finance the purchase. And Plaintiffs secured the Note through a Deed of Trust pledging their interest in the Property as security (the "Deed of Trust").

Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc., ("Wells Fargo") initially held the Note and Deed of Trust (collectively, the "Loan"). But Wells Fargo later assigned the Loan to U.S. Bank (the "Assignment"). *See* Dkt. No. 21-2 at 3 of 4.

Plaintiffs filed this lawsuit against U.S. Bank in State court on October 19, 2016. In their First Amended Original Petition for Damages, Declaratory and Injunctive Relief (the "Amended Petition"), Plaintiffs bring claims against U.S. Bank for breach of contract, to quiet title, and for injunctive relief. *See* Dkt. No. 1-7.

First, as to Plaintiffs' breach of contract claim, Plaintiffs allege that U.S. Bank breached the Deed of Trust in two ways: (1) by charging more money than what Plaintiffs owed and (2) by failing to credit sums that Plaintiffs paid over the life of the Loan.

Second, as to their quiet title claim, Plaintiffs allege (1) that the person executing the Assignment had no authority to transfer an interest in the Property to U.S. Bank and (2) that the Assignment was executed after the closing date set forth in the "agreement creating the trust" (which the parties agree is the "Pooling and Servicing Agreement," or the "PSA"). Plaintiffs accordingly ask the Court to enter a declaratory judgment holding that U.S. Bank's claimed lien against the Property is void and holding that the Deed of Trust is void and ineffective.

Third, as to Plaintiffs' claim for injunctive relief, Plaintiffs allege that U.S. Bank is not entitled to foreclose on the Property and should be prohibited from doing so.

In addition to equitable relief, Plaintiffs seek damages, attorney fees, and costs of court.

On November 21, 2016, U.S. Bank filed its Answer to Plaintiffs' Amended Petition in State court. *See* Dkt. No. 1-14. U.S. Bank then removed the case to federal court.

And, on August 3, 2017, U.S. Bank filed its MTD that is before the Court. *See* Dkt. No. 20.

In its MTD, U.S. Bank first argues that each of Plaintiffs' claims fail as a matter of law in so far as they are based on the Assignment because Plaintiffs lack standing

to challenge the Assignment.

U.S. Bank further argues that Plaintiffs' breach of contract claim fails as a matter of law because Plaintiffs were in prior material breach. And U.S. Bank argues that Plaintiffs inadequately plead the breach and damages element of their breach of contract claim.

U.S. Bank contends that Plaintiffs' quiet title claim should be dismissed because, in addition to lacking standing to challenge the Assignment, Plaintiffs fail to plead facts establishing that Plaintiffs are current on their payments or that they have paid off the Loan.

And U.S. Bank maintains that, "[b]ecause all of Plaintiffs' substantive causes of action fail, their requests for injunctive and declaratory relief must also be dismissed." Dkt. No. 20 at 15 of 17.

In their response, Plaintiffs argue that the MTD is untimely under Federal Rule of Civil Procedure 12 because U.S. Bank filed a responsive pleading to the Amended Petition in State court before filing its MTD here. Plaintiffs assert that, by not presenting them to the State court, U.S. Bank waived its arguments as to the deficient factual allegations supporting Plaintiffs' claims.

Plaintiffs maintain that their defaulting on the Loan does not bar Plaintiffs from bringing their breach of contract claim.

Plaintiffs contend that their quiet title claim should survive U.S. Bank's MTD because Plaintiffs have standing to challenge the Assignment and can maintain their quiet title action on the basis of a void assignment. But Plaintiffs agree that their

allegations as to the PSA and the timing of the Assignment are "problematic," and Plaintiffs withdraw their quiet title claim to the extent it is based on those PSA allegations. Dkt. No. 23 at 6 of 7.

As to U.S. Bank's remaining arguments – including that Plaintiffs' claims for injunctive and declaratory relief should be dismissed – Plaintiffs assert without explanation that "as to the balance of the Motion to Dismiss, it should be denied." *Id.* at 7 of 7.

After the MTD became ripe, on June 6, 2018, Plaintiffs filed their Motion for Leave that is also pending before the Court. *See* Dkt. No. 34.

In their Motion for Leave, Plaintiffs seek leave to file their First Amended Complaint, *see* Dkt. No. 32; *see also* Dkt. No. 39 (Plaintiffs confirming that the stricken Dkt. No. 32 is the First Amended Complaint that they seek leave to file), which Plaintiffs explain "add[s] a claim here for wrongful foreclosure" and "plead[s] more facts in support of their breach of contract claim," Dkt. No. 34 at 3 of 7.

In response to the Motion for Leave, U.S. Bank argues that the Motion for Leave should be denied because "the amendment would cause undue delay and undue prejudice to Defendant." Dkt. No. 41 at 1.

The undersigned concludes that U.S. Bank's MTD should be granted and that Plaintiffs' Motion for Leave should be denied.

## Legal Standards

I.    <u>Motion to Dismiss Under Rule 12(b)(6)</u>

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must

"accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under

*Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her

claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule

-8-

12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. Dec. 12, 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

## II.    Motion for Leave to Amend Under Rule 16(b)(4)

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-8700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

As the Court noted in its Order Striking and Unfiling Plaintiffs' First Amended Complaint, Plaintiffs' Motion for Leave was filed after the deadline established in the Court's Initial Scheduling Order:

> Federal Rule of Civil Procedure 15(a) governs parties' amending pleadings before trial. Rule 15(a) provides:
>
> (a) Amendments Before Trial.
> > (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> > > (A) 21 days after serving it, or

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).

The Court's Initial Scheduling Order in this case sets forth requirements for amending pleadings outside Rule 15(a)(1)'s 21-day window but with the Court's permission under Rule 15(a)(2). *See* Dkt. No. 13. The Initial Scheduling Order provides that

> [m]otions for leave to amend pleadings must be filed by March 10, 2017. The Court generally will grant a timely-filed motion to amend as a matter of course absent a showing of undue prejudice or futility. See FED. R. CIV.P. 15(a). No amendments will be allowed after this deadline except on a showing of good cause. See FED. R. CIV. P. 16(b)(4).

And, as with any non-dispositive motion, any motion to amend must comply with the Court's Standing Order on Non-Dispositive Motions. *See* Dkt. No. 5.

The Court's reopening and reinstating this case does not erase the pleadings filed, the Court's orders entered, and deadlines that were set – either by the Court or the Federal Rules – and that expired prior to the stay and administrative closure. "[C]ases stayed, but not closed, are counted as active. Th[e] [stayed] case still exists on the docket of the district court and may be reopened upon request of the parties or on the court's own motion." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). And "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Id.* (citing *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.")). "[A]n administrative closing has no effect other than to remove a case from the court's active docket." *Lehman*, 166 F.3d at 392.

Because the 21-day window provided in Rule 15(a)(1) had passed before the Plaintiffs filed their Notice of Bankruptcy and the Court stayed and administratively closed this case, Plaintiffs are not permitted to now file their First Amended Complaint without leave.

And, because Plaintiffs did not seek leave to amend prior to the Initial Scheduling Order's March 20, 2017 deadline – which expired several months prior to the Plaintiff's filing their Notice of Bankruptcy and the Court's staying and administratively closing the case – the Court will consider any late-filed motion to amend under a stricter standard. *See generally Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2017 WL 6406619, at *1-*3 (N.D. Tex. Dec. 15, 2017).

Dkt. No. 33 at 2-4.

When the deadline for seeking leave to amend pleadings has expired – as it has here – the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) [the] potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure's

15(a)(2)'s more liberal standard." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). While leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the Federal Rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile.").

## Analysis

For the reasons and to the extent explained below, the undersigned concludes

-12-

that the Court should grant U.S. Bank's MTD and should deny Plaintiffs' Motion for Leave.

## I.    U.S. Bank's MTD should be granted.

U.S. Bank argues that all of Plaintiffs' claims against it should be dismissed. The undersigned will address U.S. Bank's arguments in turn and, in doing so, because U.S. Bank attached the Deed of Trust and Assignment to its MTD, *see* Dkt. No. 21 – both central to Plaintiffs' claims – will consider the Deed of Trust and Assignment as part of the pleadings.

For the reasons explained below, the undersigned concludes that Plaintiffs fail to state a claim for breach of contract, to quiet title, and for declaratory and injunctive relief and that Plaintiffs' claims against U.S. Bank should be dismissed.

### A.    U.S. Bank's MTD should be considered under Rule 12(c).

As an initial matter, Plaintiffs argue that the MTD is untimely because U.S. Bank filed its Answer to Plaintiffs' Amended Petition in State court prior to filing its MTD here. Plaintiffs point to Rule 12, which directs that a motion to dismiss for failure to state a claim must be made before filing a responsive pleading. *See* FED. R. CIV. P. 12(b).

As one court in this circuit has explained, Plaintiffs' argument fails for two reasons:

> First, [Federal] Rule [of Civil Procedure] 81 specifically states "[t]hese rules apply to a civil action *after* it is removed from a state court." FED. R. CIV. P. 81(c) (emphasis added). Rule 12's directions on the timing of filing a motion to dismiss thus did not govern the actions of defendants prior to removal. Second, courts have routinely treated Rule 12(b)(6) motions filed

after an answer is filed as a motion for judgment on the pleadings under Rule 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (motion to dismiss for failure to state claim filed after answer was untimely, but was properly construed as motion for judgment on the pleadings); *Joseph v. Patterson*, 795 F.2d 549, 563 (6th Cir. 1986) (noting Rule 12(b)(6) motion filed one year after answer appropriately treated as motion for judgment on the pleadings); *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970) ("a motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one"); *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999) (same, commenting "courts do not mechanically or routinely deny any motion made after a responsive pleading as untimely"); *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993) (same, noting "[n]umerous other courts have arrived at the same judicially efficient answer"). As the Fifth Circuit applies the same standard to a motion under Rule 12(c) as it does for a motion under Rule 12(b)(6), the undersigned will consider the motion to dismiss as asserted under Rule 12(c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (same standard applied to Rule 12(c) motion as to Rule 12(b)(6) motion); *Jones*, 188 F.3d at 324 (same).

*Smith v. Bank of Am. Corp.*, No. A-13-cv-193 LY, 2013 WL 12033215, at *3-*4 (W.D. Tex. May 1, 2013), *rec. adopted*, No. A-13-cv-193-LY, 2013 WL 12033379 (W.D. Tex. Aug. 5, 2013).

Although Plaintiff argues that U.S. Bank waived its Rule 12(b)(6) arguments by not raising them before the State court, U.S. Bank included in its State court Answer the affirmative defense that "Plaintiffs fail to state a claim upon which relief can be granted." Dkt. No. 1-14 at 3 of 5. Even if U.S. Bank had omitted that affirmative defense from its Answer, and,

> even if the court assumes *arguendo* that [U.S. Bank] filed a deficient Rule 12(b)(6) motion, this does not preclude [it] from moving under Rule 12(c) for judgment on the pleadings on the basis that [Plaintiffs] ha[ve] failed to state a claim on which relief can be granted. *See* Rule 12(h)(2)

-14-

(permitting party to raise defense of failure to state a claim by motion for judgment on the pleadings under Rule 12(c)); *see also Fisher v. Dallas Cnty.*, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014) (Fitzwater, C.J.) ("[T]he intent of [Rules 12(g) (2) and (h)(2) ] is to make clear that a party can raise by Rule 12(c) motion the defense of failure to state a claim on which relief can be granted[.]").

*Obazee v. The Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *1 (N.D. Tex. July 31, 2015).

U.S. Bank did not waive the arguments contained in its MTD and may raise them by Rule 12 motion now. The undersigned will consider the MTD as asserted under Rule 12(c), applying the same standard for dismissal as that under Rule 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010); *Saleh v. Time Warner Cable*, No. 3:16-cv-2782-G-BN, 2017 WL 1968366, at *1 (N.D. Tex. Apr. 26, 2017), *rec. adopted*, No. 3:16-cv-2782-G-BN, 2017 WL 1956244 (N.D. Tex. May 11, 2017).

B.   Plaintiffs' breach of contract claim should be dismissed.

U.S. Bank argues that Plaintiffs' breach of contract claim should be dismissed because it fails as a matter of law and because Plaintiffs plead insufficient facts to state a breach of contract claim.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F.

Supp. 2d 800, 809 (N.D. Tex. 2012).

Here, Plaintiffs allege in their Amended Petition that

9.    Defendant has declared the loan to be in default.
10.   Defendant maintains that there are sums of money due which are not due.
11.   In a one-month span in 2011, Defendant, without explanation, increased the escrow balance by over 300%, with no explanation or accounting. As a result the monthly payments demanded by Defendant escalated drastically and are unsupported by the terms of the loan agreement.
12.   Moreover, Defendant has made numerous accounting errors, and despite same being called to Defendant's attention has failed to remediate same.
13.   In March, 2016, Plaintiff was in bankruptcy. During that proceeding Defendant represented that there was an arrearage of approximately $239,000, when in fact the accurate number was closer to $177,000.
14.   In the past five years, Plaintiffs have made over $300,000 in payments toward their loan balance. Such payments have not been properly credited.
15.   In addition, Defendant has imposed escrow charges without explanation. Plaintiffs are informed and believe that such charges are erroneous and were imposed by Defendant knowing them to be in error.

Dkt No. 1-7 at 5-6 of 17. Plaintiffs further allege that "[t]he deed of trust at issue is a contract between the parties," and that U.S. Bank "breached the contract by seeking more money than is justly due, and by attempting to exercise powers and rights thereunder when the exercise of such powers and rights is not justified by the terms of said contract." *Id.* at 6 of 17.

U.S. Bank maintains that these allegations are insufficient to plead the performance, breach, and damages elements of Plaintiffs' breach of contract claim.

For the reasons explained below, the undersigned agrees and concludes that

Plaintiffs have failed to state a claim for breach of contract, and their claim should be dismissed – but, because it is not clear that Plaintiffs have pleaded their best case, without prejudice.

        i.    <u>Performance</u>

First, U.S. Bank argues that because Plaintiffs defaulted on the Loan – a fact that Plaintiffs do not dispute in their Amended Petition or response – Plaintiffs cannot maintain their breach of contract claim.

The Fifth Circuit has held that, if an obligor's promise to pay his mortgage is independent of obligations that the obligor alleges a defendant breached, the obligor's breach of contract claim will not be barred for his failure to perform by defaulting. *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244-45 (5th Cir. 2018) (recognizing that "a party's default under a contract will only excuse the other party's performance of the contract's terms that are dependent upon the promises that the defaulting party failed to perform"). As Plaintiffs note in their response, many district courts deciding the issue prior to *Williams* have held similarly. *See Barraza v. Bank of Am., N.A.*, No. EP-12-cv-35-KC, 2012 WL 12886438, at *10 (W.D. Tex. Aug. 13, 2012) ("[T]he Court finds that Plaintiffs' promise to pay their mortgage and Defendants' promise to fulfill certain conditions before executing a foreclosure sale were independent promises."); *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011) (allowing breach of contract claim where the defaulting plaintiff "allege[d] that [the defendant] was required, but failed, to conduct a face-to-face interview with Plaintiff or to make efforts to arrange such an interview

within thirty days of default or accept partial payments after default and apply them to Plaintiff's account," noting "[i]t is illogical for the Court to conclude that Plaintiff cannot enforce [the defendant's] obligations, assumed to be contractual, which arise after Plaintiff's default merely because Plaintiff is in default").

As the court in *Barraza* explained, the *Franklin* court's reasoning that prohibiting the plaintiff from enforcing the defendant's post-default obligations merely because the plaintiff was in default would render those obligations "practically meaningless," 2011 WL 248445, at *2,

> comports with the distinction between independent and dependent promises in Texas contract law. Generally, the rule in Texas "is that reciprocal promises in a contract, absent intentions to the contrary, are presumed to be mutually dependent and the breach of one will excuse the performance of the other." *D.E.W., Inc. v. Depco Forms, Inc.*, 827 S.W.2d 379, 382 (Tex. App 1992). Consequently, a party that is in default on a contract cannot ordinarily state a claim for breach of contract. *Id.* However, if reciprocal promises in a contract are independent, the breach of one does not necessarily excuse the performance of another. *46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807 (Tex. App. 1995). Thus, a party in default on a contract might still be able to state a claim for breach of contract if the reciprocal promises in the contract are independent. *See id.*
>
> Courts determine whether promises are independent or dependent by looking at the "parties' intent as evidenced by the language of the contract." *Id.* A dependent promise "is one which goes to the entire consideration of a contract. It is a promise that ... is conditional upon the prior performance by the other party." *Id.* at 807-08. An independent promise is a promise that "goes only to part of the consideration on both sides and a breach may be compensated for in damages." *Hanks v. GAB Bus. Servs., Inc.*, 644 S.W.2d 707, 708 (Tex. 1982) (quoting *World Broad. Sys., Inc. v. Eagle Broad. Co.*, 162 S.W.2d 463, 465 (Tex. App. 1942)).
>
> For example, in *46933, Inc.*, the court held that the buyer's promise to apply for a loan guarantee was independent of the seller's promise to

provide the buyer with accurate information regarding the probability of obtaining an SBA loan. 899 S.W.2d at 807. There, the parties had executed agreements for the purchase of six aircrafts and other assets. *Id.* at 803. The parties also executed an escrow agreement for the deposit of a portion of the purchase price. *Id.* According to the escrow agreement, a small portion of the escrow funds were to be kept by the seller and the balance returned to the buyer if the purchaser failed to obtain a small business loan as required. *Id.* at 803-804. The buyer did not obtain a small business loan, and the escrow agent released the entire balance of the escrow fund, minus his fees, to the sellers. *Id.* at 804. The buyers objected, and the sellers brought a declaratory judgment action to ascertain their rights under the agreement. *Id.*

The buyer argued that the seller could not recover for breach of contract because the seller breached its promise to provide accurate information regarding the possibility of obtaining a loan. *Id.* at 807. As support, the buyer cited the portion of the contract which stated the buyer's "obligation to perform and complete the transactions provided for herein shall be subject to Seller performing, ... all acts required of him, and shall be further subject to the material accuracy and correctness of the representations and warranties of Seller contained herein." *Id.* The court rejected this argument, reasoning that the language of the parties' contract revealed nothing to indicate that the buyer's obligation to apply for a loan guarantee was conditional upon the seller providing them with accurate information. *Id.* at 808. Instead, the seller's promise to provide the buyer with accurate information was only "part" of the consideration for the transactions. *Id.* Furthermore, a court could compensate the buyer for the seller's breach of this promise by awarding damages. *Id.* Therefore, the court concluded that the promises were independent, and the seller's breach did not bar its right to recover under a breach of contract theory. *Id.*

*Barraza*, 2012 WL 12886438, at *9-*10.

And, more recently, the Fifth Circuit acknowledged Texas law's concept of independent promises while distinguishing its prior holding that a plaintiff in default cannot maintain a suit for breach of contract. *See Williams*, 884 F.3d at 244-45. In *Williams*, the plaintiffs contended that the principle that "a party to a contract who is

... in default cannot maintain a suit for its breach," *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d, 763, 767 (5th Cir. 2016) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)),

> is subject to several exceptions under Texas law that were not raised and therefore were not considered in *Villareal*. One of these exceptions is that a party's default under a contract will only excuse the other party's performance of the contract's terms that are dependent upon the promises that the defaulting party failed to perform. For example, in *Giblin v. Sudduth*, a buyer of property also obtained a five-year option to purchase an adjoining tract by agreeing to pay $10 in rent each year. The Texas court of appeals held that the purchaser's failure to pay the rent did not excuse the seller's obligation to sell the adjoining tract to the purchaser.
>
> This principle of Texas law was not presented to our court by any of the parties in *Villareal*, and therefore, our court did not consider it. We are therefore free to consider in this case whether an exception to the general proposition set forth in *Dobbins* exists in the context of a debt secured by a deed of trust covering real property.

*Williams*, 884 F.3d at 244-45. The court determined that, under the facts of *Williams*, the defendant's "agreement in the deed of trust to give notice of foreclosure was independent of the [plaintiffs'] agreement under the note to pay monthly installments to satisfy the debt." *Id.* at 245.

Unlike in *Williams*, *Franklin*, and *Bazzara*, Plaintiffs' breach of contract claim in this case appears to be based, at least in part, on U.S. Bank's breach of pre-default obligations that continued post-default. *See* Dkt. No. 1-7 at 5-6 of 17; Dkt. No. 23 at 2 of 7 ("Plaintiffs allege that Defendant has breached the loan agreement by charging sums of money far in excess of the amount due[] and failing to credit properly sums that have been paid over the life of the loan."). And, as U.S. Bank argues in its reply,

-20-

at least one court in this district has held (pre-*Williams*) that, where a defendant's contractual obligation under a deed of trust applies "at all times – not just in the event of default" – and the plaintiffs could have sued on a breach of that obligation before defaulting, "no rationale, policy-based or otherwise, exists to excuse the fact that [the plaintiffs] failed to perform," by defaulting on their payments. *Clark v. Deutsche Bank Nat'l Tr. Co.*, No. 3:14-cv-3590-B, 2016 WL 931216, at *4 (N.D. Tex. Mar. 11, 2016), *aff'd sub nom. Clark v. Deutsche Bank Nat'l Tr. Co., as trustee for Morgan Stanley ABS Capital I, Inc., Tr. 2006-HE3*, 719 F. App'x 341 (5th Cir. 2018).

Plaintiffs argue in their response that their breach of contract claim is not barred because "[t]he [D]eed of Trust contains certain independent covenants undertaken by the lender." Dkt No. 23 at 4 of 7. Plaintiffs point to paragraphs 19 and 22 of the Deed of Trust, which provide Plaintiffs the right to reinstatement after acceleration and impose certain requirements on U.S. Bank in the event of default. *See* Dkt. No. 21-1 at 7-8. Plaintiffs argue that, "if the lender presents an incorrect figure for the amount of the default, then it is the lender in default because it is requiring more than which is called for in the deed of trust." Dkt. No. 23 at 5 of 7. Plaintiffs further assert that "if the default is incorrectly specified then the lender is in breach." *Id.*

But Plaintiffs have alleged insufficient facts in their Amended Petition for the Court to determine whether Plaintiffs base their breach of contract claim on independent obligations of U.S. Bank. Even assuming that U.S. Bank owed and

-21-

breached an independent contractual duty to accurately report Plaintiffs' default, as Plaintiffs argue in their response, these allegations are absent from Plaintiffs' Amended Petition. And, because the allegations that Plaintiffs do include in their Amended Petition fail to specify what obligations U.S. Bank owed to Plaintiffs and from where in the Deed of Trust they originated, the Court lacks sufficient information to determine whether the allegations in the Amended Petition involve an independent obligation.

Accordingly, the undersigned concludes that, although Plaintiffs' defaulting on the Loan may not preclude their breach of contract claim as a matter of law, Plaintiffs have pleaded insufficient facts to allow the Court to make that determination here. The undersigned further addresses Plaintiffs' pleading deficiencies below.

ii.    Breach

Second, U.S. Bank argues that Plaintiffs have pleaded insufficient facts to state a breach of contract claim because, in their Amended Petition, Plaintiffs fail to specify the provision of the Deed of Trust that U.S. Bank allegedly breached.

Plaintiffs fail to allege sufficient facts to plead that U.S. Bank breached the Deed of Trust. Plaintiffs' allegations in their Amended Petition as to their breach of contract claim, quoted above, do not allege what provision of the Deed of Trust that U.S. Bank breached. *See Dylon v. Bank of Am., N.A.*, No. 3:17-cv-134-M-BN, 2017 WL 2266938, at *7 (N.D. Tex. Apr. 28, 2017), *rec. adopted*, No. 3:17-cv-134-M-BN, 2017 WL 2255195 (N.D. Tex. May 23, 2017); *Duran v. Bar-S Foods Co.*, No. H-15-788, 2015 WL 3466231, at *3 (S.D. Tex. June 1, 2015) ("Plaintiff must clarify in his amended complaint the

-22-

precise contract on which he sues, when it was made, who the signatures were, what provisions or terms were breached, and when the breach occurred."). And a claim meets the plausibility standard only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 556 U.S. at 678.

To the extent U.S. Bank also argues that Plaintiffs should have pleaded with more specificity what payments form the basis of Plaintiffs' allegations that U.S. Bank has not accounted for all of Plaintiffs' payments, the undersigned disagrees. Plaintiffs specifically allege that, in the past five years, they have made over $300,000 in payments toward their loan balance that have not been properly credited and that, in March 2016, U.S. Bank overstated Plaintiffs' arrearage by approximately $62,000. These allegations are sufficiently detailed, and Plaintiffs need not identify the specific uncredited payments – including their amounts and dates – to state a plausible claim to relief. *See N. Cypress Med. Ctr. Operating Co.*, 781 F.3d at 191 ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

    iii.   <u>Damages</u>

Third, U.S. Bank argues that Plaintiffs have failed to adequately plead the damages element of their breach of contract claim because, at most, Plaintiffs' damages allegation "amounts only to a bare recitation of the elements of a breach of contract

cause of action which is insufficient under the law." *Jenkins v. Wells Fargo Bank, N.A.*, No. EP-15-cv-242-KC, 2016 WL 4708259, at *3 (W.D. Tex. Apr. 6, 2016).

Plaintiffs' damages allegations are insufficient. In their Amended Petition, Plaintiffs allege that "[a]s a proximate result of said breaches, Plaintiffs have been damaged." Dkt. No. 1-7 at 6 of 17. But nowhere in the Amended Petition do Plaintiffs specify how they were damaged by U.S. Bank's alleged breach of contract and what those damages are. Plaintiffs' allegations are thus inadequate to plead the damages element of their breach of contract claim.

C.      Plaintiffs' quiet title claim should be dismissed.

U.S. Bank argues that Plaintiffs' quiet title claim should be dismissed because Plaintiffs' claim is based on their allegations attacking the Assignment, which U.S. Bank argues Plaintiffs lack standing to challenge, and because Plaintiffs otherwise fail to plead any facts to support their claim.

A suit to quiet title, also known as a suit to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). Such a suit exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Out,* 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.) (quoting *Thompson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)).

To prevail on a claim to quiet title, a plaintiff must show that: (1) she has an interest in a specific property; (2) title to the property is affected by a claim by the

defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (citations omitted); *accord Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) ("Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid.").

In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). And Texas courts have made clear that "a necessary prerequisite to [a quiet title action] is tender of whatever amount is owed on the note." *Cook–Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012).

Here, Plaintiffs allege that U.S. Bank's claimed interest in the Property "is void

and ineffective" because "the person executing the assignment of the interest to Defendant [(the Assignment)] was not a duly appointed officer of the assignor, authorized to transfer interests in land to third parties." Dkt. No. 1-7 at 7 of 17. Plaintiffs allege that "[t]he Assignment was executed by one Stephen Porter, purportedly in his capacity as Vice-President of Wells Fargo Bank, N. A.," but that, "[i]n fact, Stephen Porter was never an employee or officer of Wells Fargo Bank, N. A." *Id.* at 4 of 17.

Plaintiffs fail to state a claim for quiet title on the ground that Porter lacked authority to sign the Assignment. Plaintiffs' Amended Petition does not provide any facts corroborating their speculative conclusion that Porter lacked authority to sign on behalf Wells Fargo. *See Howard v. JP Morgan Chase NA*, No. SA-12-cv-00440-DAE, 2013 WL 1694659, at *8 (W.D. Tex. Apr. 18, 2013). And, because Plaintiffs appear to imply some kind of fraud, Plaintiffs were required by Federal Rule of Civil Procedure 9(b) to allege with particularity the circumstances constituting the fraud. *See* FED. R. CIV. P. 9(b); *Howard*, 2013 WL 1694659, at *8.

Even if Plaintiffs alleged fraud with particularity, Plaintiffs lack standing to challenge the Assignment on grounds of fraud. As one court from this circuit has explained, and as U.S. Bank argues in its MTD,

> [u]nder Texas law, deeds obtained by fraud or mutual mistake are voidable rather than void. *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex.App.2010); *see Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976) (finding that a deed procured by fraud is voidable—not void—by the grantor); *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex.1990) (finding that when parties to an agreement have contracted under a mutual misconception of material fact, the agreement is voidable under the

doctrine of mutual mistake). A suit to set aside a deed obtained by fraud can only be maintained by the defrauded party. *Nobles*, 533 S.W.2d at 927 (citing *Smith v. Carter*, 45 S.W.2d 398, 400 (Tex. Civ. App.1932)).

By contrast, a deed that is forged is void. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.1994). The Texas Supreme Court has held that, "when a person signs his true name, purporting to act as the agent of another, he generally has not committed a forgery." *Nobles*, 533 S.W.2d at 926. It further explained:

> An agent may commit forgery by signing an instrument in disobedience of his instructions or in improper exercise of authority, but one who executes an instrument purporting on its face to be executed by him as an agent, when in fact he has no authority to execute such instrument, is not guilty of forgery.

*Id.* at 927 (citation omitted).

*Howard*, 2013 WL 1694659, at *8.

Plaintiffs argue in their response that the Court should read Plaintiffs' Amended Petition to allege forgery as Plaintiffs' basis for challenging the Assignment and bringing their quiet title claim. Plaintiffs rely on *Vasquez v. Deutsche Bank Nat. Tr. Co., N.A.*, 441 S.W. 3d 783, 790 (Tex. App. – Houston [1st Dist.] 2014, no pet.), in which a Texas Court of Appeals held that, although the word "forgery" was not used in the plaintiff's pleading, the plaintiff's allegations were sufficient under Texas's notice-pleading rule to allege a void – rather than voidable – assignment. *See id.*

Plaintiffs' argument that they adequately plead forgery, and therefore have standing to challenge the Assignment, is unpersuasive for two reasons. First, U.S. Bank's MTD and the sufficiency of Plaintiffs' pleadings are governed by Rule 12(b)(6) and its related federal case law, not Texas law. *See Summers v. PennyMac Corp.*, No.

3:12-cv-01235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012).

Second, Plaintiffs' supposed allegations of forgery here are unsupported by facts and insufficient to withstand dismissal under Rule 12(b)(6). Plaintiffs' allegations are even more bare than the *Vasquez* plaintiff's, who alleged that "[a]lthough appearing valid on its face, [the foreclosure deed] is in fact invalid and has no force or effect," that "the signature on the purported transfer is not [the named person's] personal signature," and that the named person's signature was imposed on the deed without his knowledge or permission. 441 S.W. 3d at 788-89. Here, Plaintiffs' Amended Petition, read in the light most favorable to Plaintiffs, alleges that Porter signed the Assignment as himself but without authority – Plaintiffs do not allege that the signature was impressed by someone other than Porter and without his permission.

Even if Plaintiffs adequately plead forgery and have standing to challenge the assignment, Plaintiffs' quiet title claim fails because Plaintiffs do not allege that they are current on their Loan payments. *See Aguilar v. Wells Fargo Bank, N.A.*, No. 3:16-cv-211-K-BN, 2017 WL 1450622, at *6 (N.D. Tex. Mar. 31, 2017), *rec. adopted*, No. 3:16-cv-211-K, 2017 WL 1436962 (N.D. Tex. Apr. 24, 2017); *Summers*, 2012 WL 5944943, at *3. In fact, Plaintiffs nearly admit that they are not. *See* Dkt. No. 1-7 at 5 of 17 ("In March 2016, Plaintiff was in bankruptcy. During that proceeding Defendant represented that there was an arrearage of approximately $239,000, when in fact the accurate number was closer to $177,000."); Dkt. No 23 at 3 of 7 ("Plaintiffs acknowledge that they had fallen behind in their loan payments and had for a time

been in bankruptcy."). Plaintiffs' "failure to establish [their] own superior right to the property, such as by pleading that [they] [are] current on [their] mortgage payments, also renders [their] quiet title claim defective." *Warren*, 566 F. App'x at 383. Plaintiffs' quiet title claim therefore fails as a matter of law. *See Aguilar*, 2017 WL 1450622*, at *6; *Summers*, 2012 WL 5944943, at *3.

The undersigned concludes that Plaintiffs have failed to state a claim to quiet title and that Plaintiffs' quiet title claim should be dismissed with prejudice. Consequently, Plaintiffs' request for declaratory relief in pleading their quiet title claim should also be dismissed. *See Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219-M BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) ("The [federal Declaratory Judgment Act] is a procedural device that creates no substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action."(internal quotations and citation omitted)), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually litigated in a declaratory judgment action.").

D.    <u>Plaintiffs' claim for injunctive relief should be dismissed.</u>

U.S. Bank argues that Plaintiffs' claim for injunctive relief fails because Plaintiffs fail to assert any viable causes of action against U.S. Bank.

"Under Texas law, a request for injunctive relief 'is not in and of itself a cause

of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan.21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)). And, where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because Plaintiffs have failed to state a plausible underlying claim, Plaintiffs' claim for injunctive relief should also be dismissed.

## II.    Plaintiffs' Motion for Leave should be denied.

For the reasons explained below, Plaintiff's Motion for Leave should be denied, and Plaintiffs should be permitted to amend only their breach of contract claim and claim for injunctive relief to correct the deficiencies outlined in the undersigned's recommendation as to U.S. Bank's MTD.

### A.    Wrongful Foreclosure

Plaintiffs should be denied leave to add their wrongful foreclosure claim because Plaintiffs have not met Rule 16(b)(4)'s "good cause" standard.

In their Motion for Leave, Plaintiffs explain that they "now seek to leave to add a claim here for wrongful foreclosure: a claim that did not exist at the time the suit was

filed." Dkt. No. 34 at 3 of 7. Plaintiffs further maintain that

> [n]o prejudice will be suffered by Defendant by allowing the Amendment. No delay will be occasioned. Allowing the amendment will enable the parties to place before the Court all of the issues that now exist between them. Further, none of the five factors militating against an amendment are here present. Considering the lengthy abatement, it cannot be said that there is undue delay or a dilatory motive. There has not been a repeated failure to cure deficiencies, inasmuch as the Court has not yet ruled on Defendant's Rule 12(b)(6 Motion. There is no undue prejudice seen to the Defendant ....

*Id.* at 5 of 7.

Plaintiffs' explanation for their failure to timely move to amend – to the extent they give one – fails to persuade. Plaintiffs argue that their wrongful foreclosure claim did not exist at the time the suit was filed, but say nothing about whether the claim existed on the deadline for moving to amend and why the claim could not be added prior to that deadline. Indeed, Plaintiffs' response to the MTD shows that the Property was sold at least before Plaintiffs filed their response, *see* Dkt. No. 23 at 2 of 7, n.1, yet Plaintiffs responded to the MTD without moving for leave to amend.

As to the importance of the amendment, Plaintiffs' assertion that the amendment will enable the parties to more fully litigate the issues that exist between them is unconvincing for two reasons. First, Plaintiffs' proposed First Amended Complaint fails to allege any of the three elements of a wrongful foreclosure claim: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008). Although Plaintiffs argue that U.S. Bank had no authority to foreclose, Plaintiffs have presented

-31-

no facts – either by alleging them in their proposed First Amended Complaint or by including them in their Motion for Leave and reply thereto – to suggest that Plaintiffs' wrongful foreclosure claim would be viable under Texas law. *Cf. Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) (affirming the district court's denying the plaintiff leave to amend where "there are no facts to suggest either of these claims would be viable").

Second, even assuming that Plaintiffs can meet the elements of wrongful foreclosure, Plaintiffs appear to still possess the Property and are either currently defending or expecting to defend against eviction. Under Texas law, in bringing a wrongful foreclosure claim,

> the mortgagor is only entitled to ... recovery if (1) title to the property has passed to a third party; or (2) the property has been appropriated to the use and benefit of the mortgagee. [*Tarrant Savings Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 475 (Tex.1965)]; *Pentad Joint Venture*, 797 S.W.2d at 96; *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988 (Tex. Civ. App.– Waco 1935, writ ref'd). Recovery is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property. *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d at 988. Where the mortgagor's possession is undisturbed, he has suffered no compensable damage. *See id.* at 988-89.

*Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. 1998) (footnote omitted). And, although Plaintiffs may be defending against State court eviction proceedings, that alone does not show that U.S. Bank has disturbed Plaintiffs' possession of the Property: "there is no eviction, either actual or constructive, of one who remains in possession and asserts and defends his title against the title or claim pressed upon him."

*Schneider v. Lipscomb Cty. Nat. Farm Loan Ass'n*, 202 S.W.2d 832, 835 (Tex. 1947).

Given the questionable viability of Plaintiffs' wrongful foreclosure claim and Plaintiffs' unjustified delay in adding it, the prejudice to U.S. Bank in allowing amendment would be great. Plaintiffs' attempt to bring a wholly new, perhaps meritless cause of action "would cause [U.S. Bank] great expense and extend the litigation needlessly." *Filgueira*, 734 F.3d at 423-24. And, if Plaintiffs were permitted to add their wrongful foreclosure claim, a continuance would not avoid the inevitable prejudice to U.S. Bank.

Even if Plaintiffs demonstrate good cause under Rule 16(b)(4), the same reasons that show Plaintiff's proposed amendment is of insufficient importance demonstrate that Plaintiffs fail to meet Rule 15(a)(2)'s more lenient standard because amendment would be futile. *See Jebaco Inc.*, 587 F.3d at 322.

Accordingly, the undersigned concludes that Plaintiffs should not be granted leave to add their wrongful foreclosure claim.

B.    TDCA Claims

In an unspoken effort to further amend their pleading, Plaintiffs' proposed First Amended Complaint explicitly adds two additional claims, both under the Texas Debt Collection Act. And Plaintiffs' added factual allegations may give rise to other TDCA claims that Plaintiffs do not label outright. Plaintiffs' Motion for Leave fails to mention Plaintiffs' TDCA claims, and U.S. Bank apparently overlooked these newly-added claims in drafting its response.

Plaintiffs should be denied leave to add their TDCA claims because Plaintiffs

have not met Rule 16(b)(4)'s "good cause" standard.

Plaintiffs' proposed First Amended Complaint alleges that "[t]he actions of Defendant were in violation of Texas Finance Code §392.303 (2) in that it has attempted to collect charges not justly due under any agreement between the parties," and that "Defendant's conduct was also [a] violation of Texas Finance Code §392.304(a)." Dkt. No. 32 at 11 of 13.

And, to support their new TDCA claims, Plaintiffs provide a significant number of new factual allegations regarding U.S. Bank's supposedly unlawful conduct. *Id.* at 4-8 of 13. Plaintiffs – in detail – allege that, at various points between 2011 and 2016, U.S. Bank made "inconsistent and erratic representations," *id.* at 4 of 13; imposed escrow charges that were unauthorized by the Deed of Trust; advanced and ignored various accounting discrepancies; and submitted "false and inaccurate statements" to the bankruptcy court that presided over Plaintiffs' 2013 bankruptcy proceedings, *id.* at 7 of 13 – among other allegations.

But, in their Motion for Leave, Plaintiffs' TDCA claims go unmentioned, and Plaintiffs made no attempt to establish their good cause for failing to seek leave to amend prior to the Court-ordered deadline. Moreover, each of Plaintiffs' added factual allegations buttressing their TDCA claims concern activity that predates either Plaintiffs' filing of this case or the Initial Scheduling Order's deadline for amended pleadings. *See id.* at 4-8 of 13.

The undersigned sees no reason – especially in light of Plaintiffs' failure to provide one – for Plaintiffs' seeking to add their TDCA claims after the deadline to do

so expired. And the prejudice to U.S. Bank in defending against multiple wholly new causes of action based on brand new allegations nearly two years after the case was filed would be significant. *See Filgueira*, 734 F. 3d at 423 (agreeing with the district court that "allowing an amendment would unduly prejudice the Defendants by 'allowing [Plaintiff] to "lay behind the log" and then raise wholly new causes of action after the deadline for amending pleadings had passed'").

Accordingly, the undersigned concludes that Plaintiffs' should not be granted leave to add their TDCA claims.

C.    Breach of Contract

Plaintiffs seek leave to amend their pleading to add more facts in support of their breach of contract claim.

Because the undersigned has recommended that, in dismissing Plaintiffs' breach of contract claim, the Court should grant Plaintiffs leave to correct the pleading deficiencies that are the basis for dismissing that claim, no further analysis is required as to Plaintiffs' request to amend their breach of contract claim.

**Recommendation**

For the reasons explained above, the Court should grant Defendant U.S. Bank National Association's Motion to Dismiss [Dkt. No. 20] and deny Plaintiffs Mahesh Shastry and Suryakalar R. Shastry's Motion for Leave to File Amended Complaint [Dkt. No. 34]. Specifically, the Court should dismiss Plaintiffs' claims for breach of contract and injunctive relief without prejudice and should dismiss Plaintiffs' quiet title claim and request for declaratory relief with prejudice. The Court should grant

Plaintiffs Mahesh Shastry and Suryakalar R. Shastry 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint that repleads only their claims for breach of contract and injunctive relief, consistent with this recommendation and the conclusions and findings above, and should order that, if they fail to do so, their claims for breach of contract and injunctive relief against Defendant U.S. Bank National Association will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

Date: July 27, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE