IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAHESH SHASTRY f/k/a MAHESH GOPALAKRISHNA and SURYAKALAR R. SHASTRY f/k/a SURYAKALA R. HOSANAGRA, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:16-cv-3335-G-BN |
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO WACHOVIA BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR16, | § § § § § § § § § § § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge dated July 27, 2018 [Dkt. No. 42], the objections filed by Plaintiffs Mahesh Shastry and Suryakalar R. Shastry [Dkt. No. 44], and Defendant's response to those objections [Dkt. No. 47], the Court finds that the Findings and Recommendation of the Magistrate Judge are correct and they are accepted as the Findings and Recommendation of the Court.

The Magistrate Judge's Findings and Recommendation recommended that the Court grant the Motion to Dismiss filed by Defendant U.S. Bank National Association,

as Successor Trustee to Wachovia Bank National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2005-AR16 ("U.S. Bank") [Dkt. No. 20] and deny Plaintiffs' Motion for Leave to File Amended Complaint (the "Motion for Leave") [Dkt. No. 34]. *See* Dkt. No. 42 at 35.

Plaintiffs object to the Magistrate's recommendation only as to Plaintiffs' Motion for Leave. Specifically, Plaintiffs object to the portion of the Magistrate Judge's Findings and Recommendation wherein the Magistrate Judge recommends that the Court not grant Plaintiffs leave to add a claim for wrongful foreclosure.

The Magistrate Judge concluded that Plaintiffs do not meet Rule 16(b)(4)'s "good cause" standard in moving for leave to amend after the deadline to do so had passed because (1) Plaintiffs' explanation for their failure to timely move to amend was unpersuasive; (2) Plaintiffs had not shown the importance of the amendment; (3) U.S. Bank would suffer prejudice in allowing the wrongful foreclosure claim to be added at this late date; and (4) a continuance would not avoid the prejudice to U.S. Bank. Plaintiffs object to each of the Magistrate Judge's reasons. *See id.* at 30-42.

First, as to Plaintiffs' explanation for their failure to timely move to amend, Plaintiffs state in their objections that they did not seek leave to add their wrongful foreclosure claim earlier because

> Defendants took no action to assert an ownership claim to the house until (1) after the deadline to amend passed, and (2) after Plaintiff (Mrs. Shastry solely) filed and emerged from Bankruptcy. After the discharge was granted, Defendant filed a suit for eviction. It was at this point that Plaintiffs sought relief as to the foreclosure.

Dkt. No. 44 at 5.

2

But Plaintiffs' wrongful foreclosure claim, as they describe it, is based on U.S. Bank's conducting a foreclosure sale in violation of a Temporary Restraining Order ("TRO"). *See* Dkt. No. 44 at 2-3. And that foreclosure sale occurred well before the deadline to seek leave to amend had passed. As the Magistrate Judge noted in his Findings and Recommendation, Plaintiffs give no indication that the facts giving rise to their wrongful foreclosure claim did not exist – or that Plaintiffs otherwise could not have brought the claim – before the deadline for moving to amend expired. *See* Dkt. No. 42 at 31. The Court accordingly agrees with the Magistrate Judge that the Plaintiffs' explanation for their failure to timely request leave to amend is unpersuasive.

Second, as to the importance of their wrongful foreclosure claim, Plaintiffs argue that, despite the Magistrate Judge's contrary conclusion, "under the facts of this case a suit for wrongful foreclosure will lie." Dkt. No. 44 at 2.

The Magistrate Judge concluded that "Plaintiffs' assertion that the amendment will enable the parties to more fully litigate the issues that exist between them [was] unconvincing," Dkt. No. 42 at 31, because (1) "Plaintiffs' proposed First Amended Complaint fails to allege any of the three elements of a wrongful foreclosure claim," *id.*; and (2) "even assuming that Plaintiffs can meet the elements of wrongful foreclosure, Plaintiffs appear to still possess the Property and are either currently defending or expecting to defend against eviction," *id.* at 32.

Plaintiffs cannot maintain a wrongful foreclosure action on the basis of U.S. Bank's foreclosing in violation of the TRO. "As a matter of law, foreclosure in violation

3

of a temporary restraining order does not give rise to a cause of action for wrongful foreclosure." *See Russell v. BAC Home Loans Servicing, L.P.*, No. SA-14-CA-480-FB, 2014 WL 12489704, at *9 (W.D. Tex. Aug. 21, 2014) (citing *Pickens v. U.S. Bank Nat'l Ass'n*, No. 3:12-cv-2210-O-BK, 2013 WL 866171, at *6 (N.D. Tex. Jan. 8, 2013) ("A foreclosure sale in contravention of a TRO is not a defect in the foreclosure proceeding itself, and consequently, cannot give rise to a wrongful foreclosure cause of action.").

Plaintiffs explain in their objections that their labeling their claim as one for "wrongful foreclosure" was misleading and that Plaintiffs do not seek to add a true wrongful foreclosure claim that, as the Magistrate Judge explained, requires a litigant without possession to prove (1) a defect in proceedings, (2) a grossly inadequate sales price, and (3) a causal connection between those two factors. *See* Dkt. No. 44 at 3.

Plaintiffs clarify in their objections that the basis of their new claim is Texas law's rule that "a foreclosure conducted in violation of a TRO is void *ab initio*." Dkt. No. 44 at 2 (citing cases). Plaintiffs maintain that because "[i]n this case, Plaintiffs allege and can demonstrate that the sale being void *ab initio*, they are entitled to a judgment reflecting such." *Id.* at 3. Plaintiffs further note that "[p]erhaps the claim asserted should be styled 'quiet title' rather than 'wrongful foreclosure'" because, "[a]fter all, the gist of Plaintiffs' complaint is that Defendant has filed a deed which is void, and which clouds their title." *Id.* at 4.

But, in their live pleading, Plaintiffs already bring a quiet title claim against U.S. Bank. U.S. Bank moved to dismiss that claim, and, in considering U.S. Bank's Motion to Dismiss, the Magistrate Judge recommended that the Court dismiss

4

Plaintiffs' quiet title claim with prejudice. The Magistrate Judge concluded that "Plaintiffs' 'failure to establish [their] own superior right to the property, such as by pleading that [they] [are] current on [their] mortgage payments, also renders [their] quiet title claim defective,'" and that the claim fails as a matter of law. Dkt. No. 42 at 29 (quoting *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014)); *see also id.* at 25 ("Texas courts have made clear that 'a necessary prerequisite to [a quiet title action] is tender of whatever amount is owed on the note.'" (citing *Cook–Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (citing *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App. – Houston [14th Dist.] 1986, writ ref'd n.r.e.)))).

Plaintiffs do not object to the Magistrate Judge's conclusions and recommendation regarding Plaintiffs' quiet title claim. And, even if Plaintiffs had objected, the Court finds that the Magistrate Judge's conclusion that Plaintiffs fail to state a claim for quiet title as a matter of law is correct such that, even construing Plaintiffs' so-called wrongful foreclosure claim as one for quiet title, the claim is futile. *See Fillion*, 709 S.W.2d at 246 ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." (citing *Willoughby v. Jones*, 151 Tex. 435, 251 S.W.2d 508 (1952))).

Third, as to the prejudice to U.S. Bank, Plaintiffs argue that U.S. Bank will not be prejudiced because U.S. Bank has not yet conducted any discovery, the Motion to Dismiss had not yet been determined before Plaintiffs filed for bankruptcy, and the

5

case was stayed during the Plaintiffs' bankruptcy. *See* Dkt. No. 44 at 5. Despite this case's procedural history, the Magistrate Judge found that, "[g]iven the questionable viability of Plaintiffs' wrongful foreclosure claim and Plaintiffs' unjustified delay in adding it, the prejudice to U.S. Bank in allowing amendment would be great. Plaintiffs' attempt to bring a wholly new, perhaps meritless cause of action 'would cause [U.S. Bank] great expense and extend the litigation needlessly.'" Dkt. No. 42 at 33 (quoting *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423-24 (5th Cir. 2013)). The Court, having found that Plaintiffs' proposed new claim is futile, finds that the Magistrate Judge's conclusion as to the prejudice to U.S. Bank is correct. *See Filgueira*, 734 F.3d at 423 (affirming the district court's denying the plaintiff leave to amend where "there are no facts to suggest either of these claims would be viable").

Fourth, as to whether a continuance would cure the prejudice to U.S. Bank, Plaintiffs argue that "there is no need for a continuance as we do not have a trial setting as of this time." Dkt. No. 44 at 5. But that no trial date is set in this case does not cure the prejudice to U.S. Bank described above. And, as the Magistrate Judge noted in his Findings and Recommendation, if Plaintiffs were permitted to add their new claim, which the Court has determined fails under Texas law, the prejudice to U.S. Bank would be inevitable. *See* Dkt. No. 42 at 33

**IT IS, THEREFORE, ORDERED** that the Findings and Recommendation of the United States Magistrate Judge are accepted. Plaintiffs Mahesh Shastry and Suryakalar R. Shastry's Motion for Leave to File Amended Complaint [Dkt. No. 34] is DENIED. Defendant U.S. Bank National Association's Motion to Dismiss [Dkt. No. 20]

6

is GRANTED. Specifically, Plaintiffs' claims for breach of contract and injunctive relief are DISMISSED WITHOUT PREJUDICE, and Plaintiffs' quiet title claim and request for declaratory relief are DISMISSED WITH PREJUDICE.

The Court hereby GRANTS Plaintiffs Mahesh Shastry and Suryakalar R. Shastry 21 days from the date of this order in which to file an amended complaint that repleads only their claims for breach of contract and injunctive relief consistent with the Findings and Recommendation of the United States Magistrate Judge. If Plaintiffs fail to do so, their claims for breach of contract and injunctive relief against Defendant U.S. Bank National Association will be dismissed with prejudice without further notice.

**SO ORDERED** this 27 day of August, 2018.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**